IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Millie Nichols, <br><br> Plaintiff, <br><br>      v. <br><br> Ally Financial, Inc. and BSY Enterprises, Inc. DBA Advanced Asset Recovery, Towing and Transport, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

## NATURE OF ACTION

1.      Plaintiff, Millie Nichols, brings this action against Defendants, Ally Financial, Inc. ("AFI") and BSY Enterprises, Inc. DBA Advanced Asset Recovery, Towing and Transport ("BSY"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., Article 9 of the Uniform Commercial Code, MCLS § 440.9101 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

5. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

6. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

7. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

8. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*,

660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

9.      "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

10.     "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

11.     For the purpose of 15 U.S.C. § 1692f(6), a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  15 U.S.C. § 1692a(6).

12.     The FDCPA prohibits such persons, such as tow operators or repossession companies, from taking any nonjudicial action to effect dispossession or disablement of

property if there is no present right to take possession of the property.   15 U.S.C. § 1692f(6).

## THE UNIFORM COMMERCIAL CODE

13.      "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

14.      Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

15.      After a default, the UCC gives secured parties the right to repossess collateral. *See* MCLS § 440.9609.

16.      There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

17.      This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App.

116, 94 N.E. 793 (1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## PARTIES

18.     Ms. Nichols is a natural person who at all relevant times resided in the State of Michigan, County of Barrien, and City of Benton Harbor.

19.     Ms. Nichols is a natural person allegedly obligated to pay a debt asserted to be owed or due to AFI.

20.     Ms. Nichols's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a vehicle loan (the "Debt").

21.     Ms. Nichols is a "consumer" as defined by 15 U.S.C. § 1692a(3).

22.     AFI is a Delaware corporation that regularly takes assignment of consumer vehicle loans.

23.     AFI is duly authorized to conduct business in Michigan and does so regularly.

24.     BSY is a Michigan corporation that at all relevant times was acting as a repossession agent working at the behest of AFI.

25.     At all relevant times, BSY was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

26.     BSY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

27.     Ms. Nichols purchased a 2005 Chevrolet Equinox (the "Vehicle").

28.     Ms. Nichols purchased the Vehicle for her own personal family and household use.

29.     The Vehicle constitutes "consumer goods" as defined by MCLS § 440.9102(1)(w).

30.     Ms. Nichols purchase the vehicle on credit.

31.     In connection with the transaction Ms. Nichols executed a loan agreement, which was later assigned to AFI.

32.     As part of the agreement, AFI obtained a security interest in the Vehicle.

33.     The Vehicle constitutes "collateral" as defined by MCLS § 440.9102(1)(*l*).

34.     AFI is a "secured party" as defined by MCLS § 440.9102(1)(sss).

35.     Thereafter, AFI engaged its repossession agents, BSY to repossess Ms. Nichols's vehicle.

36.     On August, 26, 2020, BSY went to Ms. Nichols's home to repossess the Vehicle.

37.     Ms. Nichols noticed BSY's arrival.

38.     She ran out and protested the repossession and demanded BSY leave her property immediately.

39.     Nonetheless, BSY disregarded Ms. Nichols protests and called the Michigan State Police ("MSP") for Assistance.

40.     Shortly thereafter, an officer with the MSP arrived at Ms. Nichols's home accompanied with BSY's employee.

41.     The MSP officer directed Ms. Nichols to allow BSY's employee to repossess her vehicle.

42.     Ms. Nichols declined and demanded that they both leave her property immediately.

43.     The MSP officer motioned to BSY's employee to take the vehicle despite Ms. Nichols's demand that they leave the property and her unequivocal protest.

44.     Ms. Nichols continued her protest, but the MSP's officer produced a TASER to intimidate her.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## BSY

45.     Ms. Nichols repeats and re-alleges each factual allegation contained above.

46.     Michigan law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." MCLS § 440.9609.

47.     However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

48.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted

repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

49.     Ms. Nichols unequivocally protested the repossession.

50.     Once Ms. Nichols protested the repossession, BSY lost the right to continue with the repossession.

51.     Nonetheless, BSY continued with the repossession and thereby breached the peace.

52.     Additionally, enlisting law enforcement officers to assist in a repossession constitutes a constructive use of the force and a breach of the peace. *See Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (breach of peace has occurred because presence of officer is sufficient to chill exercise of debtor's rights,

and creditor must resort to judicial intervention); *In re MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting; held to violate U.C.C. § 9-503); *Walker v. Walthall*, 588 P.2d 863 (Ariz. Ct. App. 1978); *Dolphin Truck Leasing v. Gen. Motors Acceptance Corp.*, 340 So. 2d 1278 (Fla. Dist. Ct. App. 1977); *Fulton v. Anchor Sav. Bank*, 452 S.E.2d 208 (Ga. Ct. App. 1994) (police order to give up car precludes voluntary surrender); *Firebaugh v. Gunther*, 233 P. 460 (Okla. 1925); *Harris v. Cantwell*, 614 P.2d 124 (Or. Ct. App. 1980); *Stone Mach. Co. v. Kessler*, 1 Wash. App. 750, 757, 463 P.2d 651, 655 (1970)

53.     BSY enlisted the MSP to assist in its repossession and thereby breached the peace.

54.     A repossession agent's breach of the peace negates a right to possession. *See Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-

interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001)

55.     By attempting to continue with the repossession when it had no right to do so, BSY violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

WHEREFORE, Ms. Nichols prays for relief and judgment, as follows:

a)  Adjudging that BSY violated 15 U.S.C. § 1692f(6)(A);

b)  Awarding Ms. Nichols statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Ms. Nichols actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Ms. Nichols reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Ms. Nichols pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF MCLS § 440.9609**
**AFI**

56.     Ms. Nichols repeats and re-alleges each factual allegation contained above.

57.     Michigan law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace MCLS § 440.9609.

58.     However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

59.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral.   MCLS § 440.9609 at Official Comment 3 ("In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral"); *see also Doucette v. Belmont Sav. Bank*, No. ESCV20161596D, 2017 WL 2427566, at *2 (Mass. Super. Apr. 14, 2017); *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *Rand v. Porsche Fin. Servs.*, 216 Ariz. 424, 434, 167 P.3d 111, 121 (Ct. App. 2007) ("[W]e hold that the nondelegable duty exception applies to independent contractors hired to accomplish the self-help repossession of a motor vehicle."); *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997);

*Robinson v. Citicorp Nat. Servs., Inc.*, 921 S.W.2d 52, 55 (Mo. Ct. App. 1996); *Mauro v. Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 876, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994); *Hester v. Bandy*, 627 So. 2d 833, 843 (Miss. 1993); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992); *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); *McCall v. Owens*, 820 S.W.2d 748, 752 (Tenn. Ct. App. 1991); *Massengill v. Indiana Nat'l Bank,* 550 N.E.2d 97, 99 (Ind. Ct. App.1990); *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045, 1047 (Ala. 1987); *Henderson v. Security Nat'l Bank,* 72 Cal. App.3d 764, 140 Cal. Rptr. 388, 390–91 (1977).

60.     AFI's repossession agent, BSY, breached the peace by continuing its repossession in the face of Ms. Nichols's unequivocal protest, and by enlisting the help of the MSP in the repossession.

61.     AFI violated MCLS § 440.9609 when its repossession agents, BSY, breached the peace during its repossession.

WHEREFORE, Ms. Nichols prays for relief and judgment, as follows:

    a)  Adjudging that AFI violated MCLS § 440.9609;

    b)  Awarding Ms. Nichols statutory damages, pursuant to MCLS § 440.9625;

    c)  Awarding Ms. Nichols actual damages, pursuant to MCLS § 440.9625;

d)  Awarding  Ms.  Nichols  pre-judgment  and  post-judgment  interest  as permissible by law; and

e)  Awarding such other and further relief as the Court may deem proper.

### TRIAL BY JURY

62.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 22, 2021

Respectfully submitted,

s/Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorney for Plaintiff